BETTY L. McCOMB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McComb v. Commissioner
Docket No. 5923-90
United States Tax Court
T.C. Memo 1991-233; 1991 Tax Ct. Memo LEXIS 262; 61 T.C.M. (CCH) 2702; T.C.M. (RIA) 91233; May 28, 1991, Filed *262 William A. Hoy, for the petitioner. James R. Turton, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on cross-motions to dismiss for lack of jurisdiction. Petitioner contends that jurisdiction is lacking because respondent failed to issue a valid deficiency notice within the period for assessment set forth in section 6501(a). [1] Respondent argues that this Court lacks jurisdiction because petitioner failed to file a timely petition. The sole issue for decision is whether the notice of deficiency was mailed to petitioner Betty L. McComb's "last known address" within the meaning of section 6212(b). Respondent determined deficiencies in petitioner's 1985 and 1986 Federal income taxes in the amounts of $ 68,269 and $ 5,880, *263 respectively, and additions to tax for 1985 and 1986 pursuant to section 6653(a) in the amounts of $ 3,413 and $ 294, respectively. [2] Respondent also determined a section 6661 addition to tax of $ 17,067 for taxable year 1985. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation filed by the parties and the exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed in this case, petitioner resided in Amarillo, Texas. On December 31, 1985, petitioner and her husband, Pat E. Sasser (hereinafter Sasser), resided in Amarillo, Texas. They filed a timely joint Federal income tax return for the calendar year 1985, on the cash receipts and disbursements method, with the Internal *264 Revenue Service Center, Austin, Texas. Petitioner and Sasser were granted an extension of time to file their 1985 joint Federal income tax return and filed the return on August 7, 1986. After receiving an extension of time to file their joint Federal income tax return for the calendar 1986, petitioner and Sasser timely filed their 1986 return on July 29, 1987. On their 1985 joint Federal income tax return, petitioner and Sasser entered their names and address as follows: Pat E. and Betty L. Sasser, 2401 Hawthorne, Amarillo, Texas 79109 (The Hawthorne address.) The names and address on their 1986 joint Federal income tax return were entered as follows: Pat E. and Betty L. Sasser, 418 South Polk, Suite 100, Amarillo, Texas 79101 (The South Polk address.) In October 1988, respondent commenced an audit of the 1985 and 1986 joint Federal income tax returns. On January 31, 1989, petitioner and Sasser were divorced. On February 1, 1989, a certified copy of the divorce decree was delivered by hand to Mr. Ronald Archer, Chief Revenue Officer of the Amarillo office of respondent. On April 15, 1989, petitioner timely filed her U.S. Individual Income Tax Return for calendar *265 year 1988 with the Internal Revenue Service Center in Austin, Texas. Petitioner listed her status as married filing a separate return. The name and address entered on the 1988 return was as follows: Betty L. McComb, 2401 Hawthorne, Amarillo, Texas 79109 On May 15, 1989, respondent requested that petitioner sign a consent to the extension of the statute of limitations on Form 872 (the Consent). Petitioner signed the requested Consent on June 16, 1989, using the name "Betty Sasser." Counsel for petitioner delivered the Consent to respondent on June 17, 1989. Respondent never executed the Consent. On May 30, 1989, respondent issued a check to petitioner in the amount of $ 12,940.58 in payment of the refund claimed by petitioner on her 1988 return. In accordance with the information reflected on petitioner's 1988 return, the check was made payable to Betty L. McComb and was forwarded by respondent in an envelope addressed as follows: Betty L. McComb, 2401 Hawthorne, Amarillo, Texas 79109 On June 6, 1989, respondent mailed to petitioner's counsel a copy of the proposed adjustments to petitioner's and Sasser's 1985 and 1986 returns. On June 15, 1989, respondent, in a telephone *266 conversation with petitioner's counsel, requested petitioner's counsel to secure certain information for respondent. On June 30, 1989, petitioner's counsel mailed the requested information to respondent and noted that the information was being provided on behalf of "Betty L. (Sasser) McComb." Respondent issued a deficiency notice for taxable years 1985 and 1986 to petitioner on July 14, 1989. Duplicate originals of the deficiency notice were mailed by respondent with the copy intended for petitioner being addressed as follows: Pat E. and Betty L. Sasser, 2401 Hawthorne, Amarillo, Texas 79109 The copy of the deficiency notice intended for Sasser was addressed as follows: Pat E. and Betty L. Sasser, 418 South Polk, Suite 100, Amarillo, Texas 79101 Petitioner did not receive a copy of the deficiency notice. The copy intended for petitioner was forwarded by the U.S. Postal Service to Sasser pursuant to a change of address previously filed with the Postal Service by Sasser. In November 1989, respondent issued a Statement of Tax Due on Federal Tax Return with respect to the 1985 and 1986 taxable years. At this time, petitioner notified respondent that petitioner had not received *267 a deficiency notice for taxable years 1985 and 1986. A copy of the deficiency notice was mailed to petitioner's counsel on January 4, 1990. Petitioner filed her petition in this case on March 30, 1990. Petitioner contends that this Court lacks jurisdiction over the subject matter of petitioner's 1985 taxable year because the July 14, 1989, deficiency notice was not sent to her "last known address" prior to the expiration of the statute of limitations for assessment with respect to the taxable year 1985. Respondent contends that this Court lacks jurisdiction over petitioner's 1985 and 1986 taxable years because the petition filed March 30, 1990, was untimely. OPINION It is well settled that to maintain an action in this Court there must be a valid statutory notice of deficiency and a timely filed petition. ; ; . The requirements for issuing a valid deficiency notice are set forth in section 6212. Under section 6212(a), respondent is authorized to send a notice of deficiency to a taxpayer *268 by certified or registered mail. Under section 6212(b)(2): In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.
Actual receipt of a deficiency notice is immaterial if, in fact, it was mailed to the taxpayer's last known address. , affg. on other grounds ; ; ; ; . If respondent notifies a taxpayer in compliance with section 6212, such taxpayer has 90 days after the mailing of the deficiency notice within which to petition this *269 Court for a redetermination of the deficiency determined by respondent. Sec. 6213(a). If a taxpayer files a petition for redetermination within the prescribed time period, this Court has jurisdiction to determine the validity of respondent's deficiency, and respondent is generally estopped from making any assessment in respect of the deficiency, and from effecting any levy or initiating any proceeding in any court for that deficiency's collection, until the decision of this Court becomes final. Sec. 6213(a). On the other hand, if a taxpayer declines, or fails, to file a petition for redetermination within the prescribed 90-day period, then this Court lacks jurisdiction over the redetermination of such deficiency. Sec. 6213(a) and (c). The 90-day period for the filing of a petition for redetermination does not begin to run, however, unless respondent mails the taxpayer his notice of deficiency in compliance with section 6212. ; ; , affd. without published opinion . *270 The dispositive issue in this case is whether the deficiency notice was mailed to the "last known address" of petitioner within the meaning of section 6212(b). The phrase "last known address" is not defined by the Code or regulations. In , we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of address. In Abeles, we stated as follows: a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, * * * a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. * * * the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, *271 if such address could be obtained by a computer generation of an IRS computer transcript using * * * both taxpayers' [taxpayer identification numbers] in the case of a previously filed joint return. [. Emphasis in original; fn. ref. omitted.]
The rule enunciated in Abeles was adopted in light of evidence that the technological advancement and efficacy of respondent's computer system now allow respondent ready access to the address on the taxpayer's most recently filed return, once the return has been properly processed. . In the instant case, the deficiency notice for taxable years 1985 and 1986 was issued on July 14, 1989. Petitioner's 1988 Form 1040 was the most recently filed income tax return at the time that the deficiency notice was mailed to the Hawthorne address. Petitioner's 1988 tax return was filed on April 15, 1989, approximately 3 months before the deficiency notice was issued. In accordance with the information reflected on petitioner's 1988 tax return, respondent issued a check payable to "Betty L. McComb" at the Hawthorne address *272 on May 30, 1989. Therefore, petitioner's 1988 return had been properly processed by the IRS service center so that the address appearing on such return was available to respondent's agent when that agent prepared to send the deficiency notice. Applying the rule in Abeles, petitioner's last known address was the address entered on petitioner's 1988 tax return. Petitioner concedes that respondent sent the deficiency notice to the correct house number, street, city, state, and zip code. Petitioner argues, however, that respondent failed to satisfy the "last known address" requirement because the deficiency notice was mailed to "Pat E. and Betty L. Sasser" instead of "Betty L. McComb," the name utilized on her most recently filed tax return. The parties have cited, and we have found, no case that has held that the "last known address" requirement is not satisfied if respondent utilizes both names of former married joint filers instead of the maiden name used by the taxpayer on her most recently filed return. The rule espoused in Abeles, requiring respondent to utilize the address from the most recently filed and properly processed tax return, provides no guidance for resolving *273 the narrow issue before us. The phrase "last known address" is not defined in the Code, regulations, or the legislative history of section 6212. The plain meaning of a word will be adopted unless Congress has definitely indicated that the word is to be construed otherwise. ; . It is appropriate to consult dictionaries and other similar standard sources with respect to the ordinary usage of words. , affd. . Webster's Ninth New Collegiate Dictionary (1983), defines "address" as a "place where a person or organization may be communicated with" or "the designation of place of delivery placed between the heading and salutation on a business letter." (Emphasis supplied.) Black's Law Dictionary (5th ed. 1979), defines "address" as a "Place where mail or other communications will reach a person" or "[a] place of business or residence." (Emphasis supplied.) Both definitions emphasize *274 the term "place," and do not include a person's name within the definition of the word "address." We, therefore, reject petitioner's agrument that respondent failed to satisfy the requirements of section 6212(b) by mailing the deficiency notice to "Pat E. and Betty L. Sasser" rather than "Betty L. McComb," where respondent sent the notice to the correct address and to a name that would be immediately recognizable by petitioner. As previously noted, the rule set forth in Abeles does not resolve the narrow issue in this case. However, a general proposition expressed in Abeles and in other cases before this Court, defines a taxpayer's "last known address" as the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. ; . Respondent is required to exercise reasonable care and diligence in ascertaining and mailing a deficiency notice to the correct address. ; , *275 affd. . In the instant case, respondent mailed a "duplicate original of the joint notice" to two different addresses as required by section 6212(b)(2). One duplicate original of the joint deficiency notice was sent to petitioner's "Hawthorne address" and the other was sent to her former husband's "South Polk address." One month before respondent issued the deficiency notice, petitioner signed a consent to the extension of the statute of limitations, Form 872, using the name "Betty Sasser." Respondent's use of the names "Pat E. and Betty L. Sasser" on the joint notice was reasonable in light of the fact that petitioner only one month earlier used the name "Betty Sasser" on Form 872. In addition, respondent actually sent the notice to the correct address but it was not delivered because the U.S. Postal Service rerouted the notice to the residence of petitioner's former husband. Respondent had no knowledge that petitioner was unable to receive mail unless the name "Betty L. McComb" was utilized. Considering all of the surrounding facts and circumstances, respondent exercised reasonable care and diligence in ascertaining and mailing the *276 notice of deficiency to the "Hawthorne address." The deficiency notice for 1985 and 1986 was, therefore, sent to petitioner's last known address in accordance with section 6212. [3]
We readily acknowledge that cases such as this are among the most difficult we face, because there is no satisfactory resolution. Either the taxpayer is denied a remedy in this Court, or the statute of limitations bars assessment of taxes that may be owing. It is of little comfort to petitioner to say that she has a remedy by paying the tax for 1985 and 1986 and subsequently suing for a refund in the District Court or Claims Court. Similarly, we recognize that the Internal Revenue Service is facing the increasingly difficult administrative task of handling millions *277 of returns each taxable year. It is virtually impossible for the Internal Revenue Service to effect actual delivery of a deficiency notice in every instance. Under the requirements of section 6212(b), it is not necessary that the taxpayer receive the deficiency notice if the notice was, in fact, mailed to the taxpayer's last known address. ; ; . We conclude that respondent sent the deficiency notice for taxable years 1985 and 1986 to petitioner's last known address. We conclude on this record that the deficiency notice herein is valid. We also conclude on these facts that the petition herein was not timely filed within the meaning of section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. Petitioner's motion will be denied. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. An addition to tax is also asserted in the amount of 50 percent of the interest attributable to the portion of the underpayment due to negligence in accordance with section 6653(a)(2) for taxable year 1985, and section 6653(a)(1)(B) for the taxable year 1986.↩
3. We express no opinion with respect to the situation where respondent erroneously utilizes a name that the taxpayer would not recognize as his current or former name. Because such facts are not now before us, we leave that case for consideration at another time.↩